# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> TRUSENTIAL, LLC D/B/A TRUSENTIAL STAFFING SERVICES and CYONA TAYLOR-RANDOLPH, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## **COMPLAINT**

Plaintiff, Julia A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Trusential, LLC d/b/a Trusential Staffing Services, a limited liability company, ("Trusential"), and Cyona Taylor-Randolph, individually and as sole owner of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §§ 206, 207, 215(a)(2) and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3. Defendant Trusential is a corporation within this Court's jurisdiction with an office at 1715 Indian Wood Circle, Suite 200, Maumee, Ohio 43537, where it conducts business.

4. Defendant Trusential is a staffing business providing nurses to facilities for assisted living, dialysis, skilled nursing, and long-term care.

5. Defendant Cyona Taylor-Randolph ("Taylor-Randolph ") is the sole owner of Trusential. She resides at 2311 Heathcoe Ct., Maumee, OH 43537, which is within the jurisdiction of this Court. Taylor-Randolph has actively managed and supervised Trusential's operations and its employees during the Investigation Period. Among other things, Cyona Taylor Randolph hired and fired employees, set their work schedules, and set their pay rates.

6. Defendant Taylor-Randolph has acted directly or indirectly in Trusential's interests with respect to her employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. At all times relevant herein, Defendants have employed, and are employing, employees engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials that have been moved in or produced for commerce, such as billing and invoicing services to Medicare and Medicaid (federally funded programs administered by the U.S. government), thereby affording coverage over all their employees under the Act.

8. During the period from January 10, 2022, through January 23, 2022 ("relevant period"), Defendants employed the individuals in the attached Exhibit A.

9. Defendants violated Sections 6 and 15(a)(2) of the FLSA by compensating these employees at rates less than the applicable statutory minimum wage rate prescribed in Section 6

of the Act during the relevant period. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

10. For example, Defendants failed to issue payroll during the relevant period, thereby failing to pay the employees listed in Exhibit A any wages for hours worked.

11. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) during the relevant period by employing their employees for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

12. For example, Defendants failed to issue payroll during the relevant period, resulting in Defendants paying employees less than the overtime premium rate for hours worked over 40 in a workweek.

13. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

14. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees. Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the relevant period, Defendants may owe additional back wages and liquidated damages to employees. Defendants may also owe additional back wages and

3

liquidated damages during the relevant period to their employees whose identities the Secretary does not currently know.

      15.     During the relevant period, Defendants violated the provisions of the FLSA as alleged above. Accordingly, judgment permanently enjoining and restraining the violations alleged herein (including the restraint of any withholding of payment of unpaid overtime compensation) is expressly authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

      WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendants providing the following relief:

      A.     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Section 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(c), and 215(a)(2), (5); and

      B.     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in Exhibit 1 for the period from at least January 10, 2022 through January 23, 2022, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after January 23, 2022, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A; or

C. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interested computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

D. Costs and any such other relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor

Lisa A. Wallace
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
1240 East Ninth Street, Room 881
Cleveland, Ohio 44199
(216) 522-3873
wallace.lisa.a@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*